19139

Bobby Joe WILLIS, Appellant, v. William D. LEEKE, Director, South Carolina Department of Corrections, *et al.*, Respondents.

(178 S. E. (2d) 251)

*Messrs. W. H. Arnold, Larry R. Patterson, H. F. Partee,* and *William T. Toal,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair, Assistant Attorney General,* of Columbia, *for Respondents,*

December 15, 1970.

LEWIS, Justice.

Bobby Joe Willis has appealed from an order of the lower court denying him post-conviction relief from a sentence imposed for assault and battery of a high and aggravated nature.

Willis was indicted by the grand jury at a term of the court of general sessions for Greenville County for the offense of assault and battery with intent to kill. Thereafter, the indictment against him was transferred for trial to the Greenville County Court which had concurrent jurisdiction of the offense. Section 15-655 of the 1962 Code of Laws.

A jury in the general sessions court, to which the indictment against Willis was returned, is composed of twelve members; while a jury in the county court, to which the indictment was transferred for trial is composed of six, as prescribed by the Constitution and the statutes. Article 5, Section 22, South Carolina Constitution; Section 15-671, 1962 Code of Laws.

Upon the call of the case for trial in the county court, Willis, through his retained counsel, demanded, but was refused a trial before a jury of twelve members. He was convicted of the lesser offense of assault and battery of a high and aggravated nature by the unanimous verdict of a six member jury and received a sentence of ten years, which was suspended upon the service of seven and one-half (7 1/2) years, with probation for five years.

Willis thereafter filed two petitions for a writ of *habeas corpus,* one dated April 21, 1969 and the second dated August 28, 1969, in which he challenged the legality of his conviction on several alleged constitutional grounds. The lower court, after an evidentiary hearing, denied the relief sought, from which, Willis, through court assigned counsel, has prosecuted this appeal.

While other questions are argued, the main one, and the first considered, concerns the contention that appellant was denied due process and equal protection of the laws by the transfer of the indictment against him from the court of general sessions to the county court and his subsequent trial by a jury composed of six members instead of twelve.

It is now conceded that appellant had no constitutional right to be tried by a twelve-member jury. *Williams v.*

*State of Florida,* 399 U. S. 78, 90 S. Ct. 1893, 26 L. Ed. (2d) 446, decided June 22, 1970; *State v. Cowart,* 251 S. C. 360, 162 S. E. (2d) 535.

The present contention is that appellant was deprived of due process and equal protection of the laws in that the transfer of the case against him to the county court was done at the direction of the solicitor who, it is claimed, exercised an unreviewable discretion in determining whether appellant would be tried in the court of general sessions, where he was entitled to a trial by a jury of twelve; or in the county court, where he could obtain a trial by a jury of only six. We find no merit in the contention that the transfer of the charges against appellant to the county court for trial deprived him of any constitutional right.

Greenville County has a large population and the circuit court has for many years carried a heavy criminal and civil docket, resulting in the establishment of a county court to aid in the disposition of the large volume of litigation arising in the county. The county court is, in the constitutional sense, a court inferior to the circuit court.

The jurisdiction conferred upon the county court included concurrent jurisdiction with the general sessions court in all criminal cases, except those involving the more serious crimes enumerated in Section 15-655 of the 1962 Code of Laws. In working out the problems incident to concurrent jurisdiction in criminal matters, statutory provision was made for the presentment of all indictments to the grand jury in the general sessions court and the transfer to the county court of those indictments involving offenses within its jurisdiction. These provisions, as they existed at the time of the transfer of the indictment in this case, are found in Section 15-665 of the 1962 Code of Laws and were as follows:

"The grand jury as drawn in accordance with law for service upon the court of general sessions for Greenville County shall constitute the grand jury for said county court

and need not meet with said county court except when ordered to do so by the county judge. The solicitor of the thirteenth judicial circuit or the county solicitor shall prepare and present to the grand jury at each session of the court of general sessions all bills of indictment in all cases of which the county court has jurisdiction and in which a person is entitled to a presentment of a grand jury. When true bills are found by such grand jury the clerk of the court of general sessions shall certify such bills to the county court for trial or other disposition. The county judge may submit to the grand jury, when called into his court, such bills of indictment as he may desire to submit to them, when the offenses charged are within the jurisdiction of the county court."

(The foregoing section was subsequently amended by Acts Nos. 114 and 115 of the 1968 Acts of the General Assembly. 55 Stat. 2607 and 2608. These amendments affect the present requirements for transfer of criminal cases to the county court, but have no effect upon the determination of the present question.)

Under the above statute, the grand jury as drawn for service in the court of general sessions for Greenville County constitutes the grand jury for the county court. Instead of requiring the attendance of the grand jury at all criminal terms of the county court, provision is made for the presentment of bills of indictment to the grand jury at each session of the court of general sessions in all cases of which the county court has concurrent jurisdiction. When true bills are returned, the clerk of the court of general sessions transfers to the county court such indictments as involve offenses within that court's jurisdiction.

While the statute provides for the presentment to the grand jury in the general sessions court of all bills of indictment, authority is also conferred upon the county judge to call the grand jury to attend sessions of the county court, at which time he may submit bills of indictment when the offenses charged are within the jurisdiction of that court.

The statutory scheme simply permits the return of all indictments to the court of general sessions and the transfer of those within the county court's jurisdiction to that court for disposition.

The record shows that upon the return of a true bill by the grand jury, the clerk of court transferred the case against appellant to the county court for disposition. While the statute confers no such duty upon the circuit solicitor, it is agreed that the indictment was transferred by the clerk of court at the direction of the solicitor. It is further agreed that it was the general custom and practice in Greenville County for the circuit solicitor to designate the cases to be transferred to the county court.

We have held that the jurisdiction of the county court over the offense charged was conferred by law and not by the act of transferring the case to it for trial. The case against appellant was, under the statute, simply transferred for trial between courts having concurrent jurisdiction of the offense. *State v. Douglas,* 245 S. C. 83, 138 S. E. (2d) 845.

It is, in effect, now conceded that, if the indictment against appellant had been returned by the grand jury while in attendance upon the county court, he would have had no constitutional right to be tried by a jury of twelve. *Williams v. State of Florida, supra.*

Under the statute, the mere fact that the indictment was returned at a term of the court of general sessions conferred no right upon appellant to a trial in that court, since the indictment was returned subject to transfer to the county court which had concurrent jurisdiction of the offense. When the case was transferred, the jury trial to which appellant was entitled was that prescribed by the law in the county court, that is, one composed of six members.

Therefore, appellant had no right to be tried by a jury of twelve unless, as he contends, there was some vice in the

transfer of his case to the county court. The record discloses none.

Appellant's sole contention is that the solicitor had an unreviewable discretion as to which cases would be transferred to the county court and that such deprived him of due process and equal protection of the laws. The statute confers no such discretion upon the circuit solicitor.

The mere fact that the clerk of court customarily relied upon the solicitor to designate the cases to be transferred to the county court deprived appellant of no constitutional right. Appellant's case was within the jurisdiction of the county court, which was the sole statutory criterion for transfer.

The sole purpose underlying the statutory provision for transfer of cases to the county court was to alleviate the crowded criminal docket in the county and there is no contention that appellant's case was transferred for any other purpose, or that it was handled any differently than others similarly situated. Neither is there any claim of prejudice by appellant from the transfer except the deprivation of a twelve-member jury, to which, as we have pointed out, he had no constitutional right.

The transfer of appellant's case to the county court for trial did not deprive him of due process or equal protection of the laws and the exceptions charging error in this regard are overruled.

Appellant also alleged that he was denied the effective assistance of counsel in his trial. The record fails to sustain this contention and his counsel properly so concedes.

It is next contended that the sentence imposed was so excessive as to violate the constitutional prohibition against cruel and unusual punishment. This contention is without merit. The sentence was within the limits of the punishment prescribed by statute and conformable to the gravity of the offense.

The further position is taken that appellant was denied a fair trial in that (1) a firearm similar to the one used in the

commission of the offense was displayed in the courtroom during the trial; and (2) one of the State's witnesses, while testifying, collapsed from delirium tremens. These questions were not raised during the trial and are not grounds for *habeas corpus* relief. *McCreight v. MacDougall*, 248 S. C. 222, 149 S. E. (2d) 621.

The final question concerns the contention that appellant, a white man, was deprived of his constitutional rights through the systematic exclusion of Negroes from the jury in Greenville County. The conclusive answer to the contention is that the record is completely devoid of any evidence to sustain it.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.