20389

THE STATE, Respondent, v. Gene HAM, Appellant.

(233 S. E. (2d) 698

*John A. Gaines, Esq.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *T. K. Summerford, Sol.,* of Florence, *for Respondent,*

March 28, 1977.

LEWIS, Chief Justice:

Appellant was convicted of illegal possession and distribution of heroin and was sentenced to serve a term of fifteen (15) years. He appeals upon three grounds; none contain merit and we affirm.

First, appellant asserts that it was error to refuse his motion for a directed verdict of not guilty because of alleged inconsistencies between the trial and preliminary hearing testimony of one of the State's witnesses. He argues that these alleged inconsistencies rendered the testimony of the witness "incredible and perjurious" and that to base his conviction on such evidence would constitute a denial of due process. We need not review the alleged differences.

Such as existed failed to approach the extreme proportions asserted by appellant and clearly presented issues of credibility for decision by the jury. Where the determination of guilt is dependent upon the credibility of the witnesses, a motion for a directed verdict is properly refused. *State v. Fleming,* 254 S. C. 415, 175 S. E. (2d) 624.

The second assignment of error is that the trial judge ■ erred in failure to instruct the jury relative to the law of alibi even though, admittedly, such instruction was not requested when opportunity was afforded to do so. The failure to request the charge, when opportunity was afforded, constituted a waiver of any right to complain thereabout on appeal. We recently stated the rule in *State v. Williams,* 266 S. C. 325, 223 S. E. (2d) 38, as follows:

"The rule in this State is firmly established that failure to object to a charge, or failure to request an additional charge when the opportunity is afforded, constitutes a waiver of any right to complain on appeal of an alleged error in the charge." *State v. Gerald,* 261 S. C. 392, 200 S. E. (2d) 243. This rule is relaxed in capital cases.

Appellant's reliance upon *State v. Bealin,* 201 S. C. 490, 23 S. E. (2d) 746 and *State v. Corn,* 215 S. C. 166, 54 S. E. (2d) 559 is misplaced. In *Bealin* and *Corn,* it was recognized that the rule of waiver, from failure to request an instruction on the law of alibi when the opportunity is afforded, is, as stated in *Williams,* relaxed in capital cases; but is otherwise generally applicable.

Finally, appellant argues that the statute under which ■ he was convicted is unconstitutionally vague and, for that reason, his conviction should be reversed. This issue was not presented to or considered by the trial judge and is, therefore, not properly before the Court on appeal. *State v. Gowan,* 178 S. C. 78, 182 S. E. 159.

Judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.