**Gene HAM, Petitioner,**

v.

**William D. LEEKE and the Attorney General of the State of South Carolina, Respondents.**

Civ. A. No. 78–557.

United States District Court, D. South Carolina, Columbia Division.

March 30, 1978.

Gene Ham is pro se.

ORDER

HEMPHILL, District Judge.

Gene Ham has submitted another petition for a writ of habeas corpus.[1] He now alleges that he was denied a "right of appeal on

---

1. Ham was convicted of a narcotics offense involving heroin in Florence County. He was sentenced to fifteen years on January 25, 1973. In a belated appeal, the South Carolina Supreme Court affirmed the conviction on March 28, 1977, *State v. Ham*, S.C., 233 S.E.2d 698. Certiorari was denied on January 9, 1978, *Ham v. South Carolina*, 434 U.S. 1019, 98 S.Ct. 740, 54 L.Ed.2d 765.

Ham sought federal habeas corpus relief in *Ham v. Leeke*, C/A 76–237. He was represented by retained counsel, and challenged the delayed appeal and the effectiveness of the retained attorneys who represented

him at trial. This court heard the case and found Ham's grounds lacking in merit in its Order filed on October 4, 1977. Ham in the meantime engaged the attention of both the United States Court of Appeals and the United States Supreme Court by filing *pro se* requests for mandamus relief without the knowledge of his retained attorney, and support personnel of both higher courts either overlooked or ignored Title 28, United States Code, Section 1654, with the result that this court had to respond to his utterly baseless requests for relief in the nature of mandamus.

complete transcript." The petition is before the court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1977. Because it plainly appears from the face of the petition that Ham has not stated a valid claim for relief under 28 U.S.C. § 2254, the petition will be filed and dismissed without requirement of an answer or other response from the respondents named.

Ham now contends that he was entitled to a transcript of the closing argument of the Solicitor and his attorneys at his 1973 trial, and that both the trial court and the South Carolina Supreme Court have rejected his request for such transcript. He alleges, in wholly conclusory fashion, "The prosecutor in his closing argument to the jury made prejudicial remarks to the jury and went outside the record." Because of this alleged error, he seeks his release from custody.

The voluminous file in Civil Action No. 76–237, contains a Transcript of Record on Appeal. That record reveals that the petitioner's retained trail attorneys neither requested a transcript of arguments, nor excepted to any comments by the prosecutor [page 197]. The absence of an objection in this matter, involving only state trial procedure, is fatal to Ham's claim that his rights under the Constitution have been violated.[2] A transcript of closing arguments merely for the asking has not been specified by the United States Supreme Court as one of the records an indigent is entitled to receive in order to appeal his conviction.[3] Ham's request here under § 2254 is therefore unsupported by authority, and is improvidently submitted.[4]

In view of the foregoing impediments to a § 2254 case based on a request for a transcript of closing arguments at his trial, the petition of Ham is dismissed under Rule 4, *supra*. Treating the petition as a complaint based on 42 U.S.C. § 1983, it is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to mail a copy of this Order to Gene Ham at his place of confinement, and a copy of the petition and this Order to the Attorney General of South Carolina for his information.

AND IT IS SO ORDERED.

---

2. The contemporary objection rule of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), applies to lineups and such procedural issues as requests to charge. *Lassiter v. Stephenson,* 564 F.2d 92 (4th Cir., 1977). Therefore, it also applies to exceptions to argument that are not preserved for review as required by South Carolina procedure, which is spelled out clearly for the bench and bar in *State v. Williams,* citing prior cases decided in 1931 and 1962 before Ham's trial, 266 S.C. 325, 223 S.E.2d 38 at 44 (1976). The prisoner in *Williams* sought federal relief based in part on the unavailability of a transcript of closing arguments. This court dismissed the claim on October 1, 1976 (C/A 76–819), and the Court of Appeals dismissed the appeal on February 7, 1978 (*Williams v. Leeke,* No. 76–8399, 571 F.2d 579 (4 Cir.)).

3. See *Hardy v. United States,* 375 U.S. 277, 282, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); and *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *cf. Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971).

4. A request by a state prisoner for a trial transcript represents a § 1983 case, not a habeas petition. *Jones v. Superintendent,* 460 F.2d 150, 152 (4 Cir.), *on rehearing* 465 F.2d 1091 (4th Cir. 1972), *cert. denied* 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973). However, even then, a prisoner must show a particularized need for a transcript. Ham has received a transcript previously, and as already observed, his attorneys by not making a contemporaneous objection to closing argument have foreclosed the availability of a long-delayed supplement to the trial record. At this late date, it is doubtful that a transcript could be produced, assuming closing arguments were taken down without a request for it to be done.