22949

CITY OF PICKENS, South Carolina, Respondent
v. David Ray SCHMITZ, Appellant.
(376 S. E. (2d) 271)

Supreme Court

*George F. Townes,* Pickens, *for appellant.*

*Kenneth D. Acker* and *Alvin D. Johnson,* Pickens, *for respondent.*

*Roy D. Bates,* Columbia, *for Mun. Ass'n. of South Carolina, Amicus Curiae.*

Heard Dec. 6, 1988.

Decided Jan. 23, 1989.

CHANDLER, Justice:

Appellant David Ray Schmitz (Schmitz), convicted in the City of Pickens Municipal Court for driving under the influence, makes various constitutional challenges to the Municipal Court system authorized by enabling Act No. 480 of 1980, codified as S. C. Code Ann. §§ 14-25-5 to -205 (Supp. 1987). We affirm the Act's constitutionality and Schmitz's conviction.

## FACTS

Schmitz was arrested within the corporate limits of the City of Pickens and charged with driving under the influence in violation of S. C. Code Ann. § 56-5-2930 (1976). Prior to trial, he moved to quash his arrest warrant or, in the alternative, to transfer the case to Magistrate's Court, on grounds that trials in Municipal Court violate both South Carolina Constitution Article V, § 1, and equal protection. Following denial of the motion Schmitz was found guilty by a Municipal Court jury. His conviction was affirmed by Circuit Court.

## ISSUES

1. With respect to their jurisdiction over violations of state laws, are Municipal Courts part of a unified judicial system as required by Article V, § 1?

2. Does the grant of jurisdiction to Municipal Courts over violations of state law offend the requirement in Article V, § 1, that statutory courts have uniform jurisdiction?

3. Did Schmitz's trial in Municipal Court violate equal protection?

## I. UNIFIED JUDICIAL SYSTEM

Article V, § 1, of the South Carolina Constitution reads as follows:

> The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such *other* courts of uniform jurisdiction as may be provided for by general law. (Emphasis supplied).

Schmitz contends that, with respect to trial of state law offenses, Municipal Courts violate the requirement that all courts be part of a unified judicial system. We disagree.

Section 14-25-5, the statute authorizing creation of Municipal Courts, provides in unambiguous language that these Courts are included within the unified judicial system. Subsection (a) permits every municipality to "establish a municipal court, *which shall be part of the unified judicial system of this State,* for the trial and determination of all cases within its jurisdiction." (Emphasis supplied). In light of this clear statement of legislative intent, we hold that Municipal Courts comply with the constitutional mandate that they be part of a unified judicial system. *See Kramer v. Dorchester County Council,* 277 S. C. 71, 282 S. E. (2d) 850 (1981).

Schmitz argues, further, that certain provisions of Act No. 480 violate the mandate for a unified judicial system. These issues, however, were neither presented to nor considered by the Courts below and are not properly before this Court. *See Talley v. South Carolina Higher Educ. Tuition Grants Comm.,* 289 S. C. 483, 347 S. E. (2d) 99 (1986); *State v. Ham,* 268 S. C. 340, 233 S. E. (2d) 698 (1977).

## II. UNIFORM JURISDICTION

Schmitz contends the Municipal Courts violate a second requirement of Article V, § 1, that of uniform jurisdiction. Again, we disagree.

In *State ex rel. Riley v. Martin*, 274 S. C. 106, 262 S. E. (2d) 404 (1980), the statute creating an intermediate Court of Appeals was held not to violate the "uniform jurisdiction" requirement. We stated:

> The subject-matter jurisdiction of the Court of Appeals, within the area of its judicial authority, just as with the Supreme Court and Circuit Court, is the same *throughout the State*. Since the subject-matter jurisdiction is the same throughout the State, it is a Court of "uniform jurisdiction" within the meaning of Article 5, Section 1. [Emphasis in original].

Applying the *Riley v. Martin* test here, we hold that Municipal Courts in South Carolina possess uniform jurisdiction as set out in § 14-25-45. The jurisdiction of these Courts is identical throughout the State.

## III. EQUAL PROTECTION

Finally, Schmitz argues that his equal protection rights were violated, in that the prosecution alone had the option to determine whether this case would be tried in Municipal or Magistrate's Court. However, he makes no showing that his case was prosecuted differently from others similarly situated. *See Willis v. Leeke*, 255 S. C. 230, 178 S. E. (2d) 251 (1970).

## CONCLUSION

Municipal Courts authorized by Act No. 480 comply with the requirements of South Carolina Constitution Article V, § 1. In addition, there is no violation of equal protection. Accordingly, the judgment is affirmed.

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.