THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED 
 ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 
 
 
 
 The State, Respondent,
 
 
 

v.
 
 
 
 
 Julian AB Romero, Appellant.
 
 
 

Appeal From Florence County
  Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2004-UP-461
 Submitted September 14, 2004  Filed September 15, 2004

APPEAL DISMISSED

 
 
 
 
 Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General 
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, 
 for Respondent.
 
 
 

PER CURIAM:  Julian Ab Romero pled guilty to common law robbery.  The 
 trial court sentenced him to imprisonment for thirteen and half years.  Romero 
 appeals, arguing his sentence is so disproportionate to the offense it constitutes 
 unconstitutional cruel and unusual punishment.  On appeal, Romeros counsel 
 filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), 
 asserting the appeal is without legal merit sufficient to warrant a new trial 
 and requesting permission to withdraw from further representation of Romero.  
 Romero has not filed a pro se brief.   We find Romeros appeal 
 to be without merit.
Section 16-11-325 of the South Carolina Code states, upon conviction of common 
 law robbery, a person must be imprisoned not more than fifteen years.  S.C. 
 Code Ann. § 16-11-325 (2003).  Generally, if a statute fixing the punishment 
 for an offense is not unconstitutional, a sentence within the limits prescribed 
 by such statute will not be regarded as cruel and unusual.  State v. Kimbrough, 
 212 S.C. 348, 354, 46 S.E.2d 273, 275-76 (1948).  This presumption of validity 
 places the heavy burden on an appellant of persuading this court that the sentence 
 is without justification and shocks the collective conscience of our society.  
 Stockton v. Leeke, 269 S.C. 459, 237 S.E.2d 896 (1977).
Romeros rather conclusory arguments fail to satisfy this hefty burden.  Although 
 the victims property was eventually recovered, Romero used extreme violence 
 to forcibly obtain the property.  Furthermore, he has an extensive prior record, 
 including convictions for larceny, assault, DUI, aggravated sexual battery, 
 and lesser homicide.  Despite these factors, the trial judge still did not 
 give Romero the maximum sentence allowed by the statute (15 years).  There is 
 no merit to Romeros argument.
After a thorough review of the record and counsels brief pursuant to Anders 
 and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss 
 Romeros appeal and grant counsels motion to be relieved. 
 [1] 
APPEAL DISMISSED. [2] 
GOOLSBY, ANDERSON, and WILLIAMS, JJ., concur.

 
 [1] Six months prior to the hearing, a trial judge 
 ordered a psychological evaluation of Romero pursuant to S.C. Code Ann. § 
 44-23-410 (2002), specifically to the issue of his capacity to stand trial.  
 Although the order calling for this evaluation is included in Romeros record 
 on appeal, no written record or mention of the evaluations results or a subsequent 
 capacity hearing is included.  Therefore, we have no way of knowing whether 
 or not Romero was found competent to stand trial.  Romeros counsel vaguely 
 alluded to Romeros mental capacity before the trial court, but did not adequately 
 raise the issue by objection when allowing Romero to enter his guilty plea.  
 Although troubled by the lack of any mention of the evaluations results in 
 the record, the proper avenue in which to challenge a guilty plea which is 
 not objected to at the time of its entry is not on appeal, but through post 
 conviction relief.  In the interest of Antonio H., 324 S.C. 120, 122, 
 477 S.E.2d 713, 714 (1996).

 
 [2] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.