THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Keith Bradley Graham,       
Appellant.
 
 
 

Appeal From Fairfield County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2005-UP-187
Submitted March 1, 2005  Filed March 11, 2005

AFFIRMED

 
 
 
Tara Dawn Shurling, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Melody Brown, all of Columbia; and Solicitor John R. Justice, of Chester, for Respondent.
 
 
 

PER CURIAM:  Keith Bradley Graham appeals his murder conviction, arguing he was entitled to a directed verdict because no credible evidence supported a finding of murder rather than voluntary manslaughter.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:  State v. Cherry, 361 S.C. 588, 594, 606 S.E.2d 475, 4778 (2004) (holding on motion for directed verdict, the trial court is concerned with the existence of evidence, not with its weight); State v. Ham, 268 S.C. 340, 342, 233 S.E.2d 698, 698 (1977) (Where the determination of guilt is dependent upon the credibility of the witnesses, a motion for a directed verdict is properly refused.); State v. Scott, 330 S.C. 125, 131 n.4, 497 S.E.2d 735, 738 n.4 (Ct.App.1998) (holding issues of witness credibility are solely for the jury, not the appellate court); State v. McHoney, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) (holding on review of the denial of a directed verdict motion, the appellate court must view the evidence in the light most favorable to the State and if there is any direct or substantial circumstantial evidence tending to prove the defendants guilt, the court must hold the case was properly submitted to the jury); S.C. Code Ann. § 16-3-10 (2003) (defining murder as the killing of any person with malice aforethought, either express or implied); Sellers v. State, 362 S.C. 182, ___, 607 S.E.2d 82, 85 (2005) (In a murder prosecution, malice may be implied if the defendant uses a deadly weapon.); State v. Campbell, 287 S.C. 377, 379, 339 S.E.2d 109, 109 (1985) (defining a deadly weapon as any article, substance, or instrument likely to cause death or great bodily harm).  
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.