# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0436** (Berkeley County 11-F-118 & 11-F-169)

**Tyler S. Munson,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Tyler Munson, by counsel Neil J. Zahradnik, appeals the Circuit Court of Berkeley County's sentencing order entered on December 27, 2012. The State of West Virginia, by counsel Cheryl K. Saville, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of daytime burglary, two counts of grand larceny, and one count of burglary. In a separate action, petitioner waived indictment on one count of aid in concealing stolen property. By non-binding plea, petitioner pled guilty to one count of daytime burglary, one count of grand larceny, and one count of aid in concealing stolen property. As a condition of the plea, the remaining charges were dismissed and the State agreed to recommend that petitioner's sentence be delayed pending completion of a program at the Anthony Center. Petitioner was sentenced to confinement for not less than one year nor more than ten years on each count, to be served consecutively. Additionally, petitioner was ordered to pay $1,611 in restitution.

On appeal, petitioner argues that the circuit court violated the proportionality principle contained in Article III, Section 5 of the West Virginia Constitution when he was sentenced to three consecutive indeterminate terms of incarceration of one to ten years each. Petitioner concedes that the sentences imposed are within the statutory limits and are not so excessive to shock the conscience. Petitioner simply argues the sentences are disproportionate to the nature of the crimes. Petitioner argues that the crimes involved are all nonviolent theft-related crimes and the aggregate value of the stolen goods does not justify the sentence imposed.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227

1

W.Va. 407, 710 S.E.2d 98 (2011). This Court has held that, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). Although the sentences in this matter are within the statutory limits, petitioner argues that his sentences violate the proportionality principle of the West Virginia Constitution.

In the present case, petitioner's sentences are within the statutory limits for daytime burglary pursuant to West Virginia Code § 61-3-11(b), grand larceny pursuant to West Virginia Code § 61-3-13(a), and aid in concealing stolen property pursuant to West Virginia Code § 61-3-18. If a sentence is subject to appellate review, however, the Court must review it under the standards set forth in *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983), and Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981):

> There are two tests to determine whether a sentence is so disproportionate to a crime that it violates our constitution. *Accord*, *Stockton v. Leeke*, 269 S.C. 459, 237 S.E.2d 896, 897 (1977). The first is subjective and asks whether the sentence for the particular crimes shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981): In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

*State v. Cooper*, 172 W.Va. 266, 272, 304 S.E.2d 851, 857 (1983). Upon our review of the record, the Court finds that the petitioner's sentences do not violate the West Virginia Constitution, as the sentences do not shock the conscience, nor are they disproportionate.

For the foregoing reasons, we affirm the circuit court's sentencing order.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II