# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-0660** (Cabell County 10-F-351)

**Mark A. Sowards,**
**Defendant Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark Sowards, by counsel James Cagle, appeals the April 18, 2012 order of the Circuit Court of Cabell County sentencing him to a term of incarceration of forty years for first degree robbery and two to ten years for malicious assault. The State of West Virginia, by counsel Scott Johnson, has filed its response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2008, the Cabell County Grand Jury indicted petitioner on one count of first degree robbery and one count of malicious wounding for events that occurred in Cabell County.[1] In October of 2010, Cabell County Grand Jury indicted petitioner on one count of first degree robbery and one count of malicious assault for events that occurred in Cabell County.[2] On January 21, 2011, the State filed a motion to amend the second indictment to include the proper date regarding the malicious assault charge. By order entered on April 19, 2011, the State was granted permission to amend the second indictment to change the date of the malicious assault charge from 2010 to 2008. The circuit court also dismissed the first indictment.[3] Following a jury trial, petitioner was sentenced to a term of incarceration of forty years for first degree robbery

---

[1] The 2008 indictment stated the crimes were committed on or about August 12, 2008, in Cabell County, West Virginia.

[2] The first October of 2010 indictment stated the crimes were committed in Putnam County, West Virginia, and the date for the malicious assault charge stated it occurred in 2010.

[3] The State properly amended the second indictment to change the date of the malicious assault charge. However, the State also changed the location of both crimes from Putnam County to Cabell County without the circuit court's permission.

and two to ten years for malicious assault. The circuit court ordered these sentences to run consecutively.

On appeal, petitioner alleges that pursuant to *State v. McGraw*, 140 W.Va. 547, 85 S.E.2d 849 (1955), the amendment of venue must be considered one of substance because venue is a jurisdictional fact which the State must prove. Additionally, petitioner argues the State exceeded the circuit court's permission when the State amended the second indictment to change the date of the malicious assault crime as well as the location of both crimes. In support, petitioner states the amended indictment has a hand-written filed stamp date that is the same as the first indictment, the date substantially predates the motion to amend and the order granting the amendment, and the term of the grand jury which returned the indictment ended in December of 2010. Petitioner states he did not waive this assignment of error because it appears that no one other than the State was aware of the specific change. The State argues that petitioner concedes that he did not object to the indictment. The State argues that venue is not a change is substance because this Court has held that venue is not jurisdictional. *State v. Tommy Y Jr.*, 219 W.Va. 530, 536, 637 S.E.2d. 628, 634 (2006). Pursuant to Rule 7(c) of the West Virginia Rules of Criminal Procedure, venue is not required to be pled in an indictment. The State argues plain error is not applicable because petitioner did not allege that the State did not prove at trial that venue was properly in Cabell County and petitioner failed to show an impact on his substantial rights.

"To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, this Court has stated:

> Under the "plain error" doctrine, "waiver" of error must be distinguished from "forfeiture" of a right. A deviation from a rule of law is error unless there is a waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined. By contrast, mere forfeiture of a right-the failure to make timely assertion of the right-does not extinguish the error. In such a circumstance, it is necessary to continue the inquiry and to determine whether the error is "plain." To be "plain," the error must be "clear" or "obvious."

Syl. Pt. 8, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). Applying this standard, petitioner's rights were not affected because venue was not an element of the underlying crimes and petitioner was aware of the necessary elements of the crimes. Upon our review of the amendment to the second indictment as contained in the appendix record, relevant case law, and to the arguments of the parties on appeal, we find no plain error.

Petitioner also argues his sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution. Petitioner argues his sentence is disproportionate because he does not have any prior serious criminal conduct, is the primary care giver for his mother, and while the victim suffered a broken nose and some facial fractures, he did not present

any evidence of continuing or future problems or emotional injury. Petitioner argues the sentence is particularly disproportionate when compared to other statutory sentences. The State argues that under both the subjective and objective tests, petitioner's sentence is not disproportionate. The State argues the violent nature of the assault and his failure to show remorse supported the sentence and a forty-year sentence is not unusual in West Virginia.

"'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 4, *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 656 S.E.2d 789 (2007). This Court has noted that "'[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence.' Syllabus point 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981)." Syl. Pt. 3, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009) (per curiam).

If a sentence is subject to appellate review, however, the Court must review it under the standards set forth in *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983), and Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981):

> There are two tests to determine whether a sentence is so disproportionate to a crime that it violates our constitution. *Accord*, *Stockton v. Leeke*, 269 S.C. 459, 237 S.E.2d 896, 897 (1977). The first is subjective and asks whether the sentence for the particular crimes shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981): In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

*State v. Cooper*, 172 W.Va. 266, 272, 304 S.E.2d 851, 857 (1983). Pursuant to West Virginia Code § 61-2-9, petitioner received the statutory term of incarceration of not less than two years nor more than ten years for malicious assault. Additionally, petitioner's sentence is within the statutory limits for first degree robbery pursuant to West Virginia Code § 61-2-12. This Court finds that petitioner's sentence does not violate the West Virginia Constitution, as the sentence does not shock the conscience, nor is it disproportionate.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II