# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0778** (Taylor County 18-F-44)

**Rodney Stemple,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Rodney Stemple appeals the Circuit Court of Taylor County's August 30, 2021, order sentencing him to forty years of incarceration for one count of first-degree robbery, asserting that his sentence is disproportionate to his crime.[1] For the reasons set forth herein, we affirm the court's sentencing order.

Petitioner pled guilty to first-degree robbery, pursuant to *Alford/Kennedy*[2] based on allegations that he forcefully entered a home in Grafton, West Virginia, and stole two purses while wearing a mask and displaying a firearm.[3] The purses were found along a nearby road, and DNA evidence collected from the purses linked petitioner to the crime. In exchange for the guilty plea, the State agreed not to prosecute an additional count of robbery and one count of burglary. The circuit court accepted the plea.

At sentencing, the circuit court reviewed a letter in which one victim related that she no

---

[1] Petitioner is represented by James E. Hawkins, Jr., and respondent is represented by Patrick Morrisey and Mary Beth Niday.

[2] Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

[3] The victims were Jo Ann Sturm and Floyd Sturm, though Mr. Sturm is now deceased. Ms. Sturm recognized petitioner's voice, as he had done work for the couple previously and she "rented to his mother" who lived next door.

longer felt safe in her home of more than fifty years, could not go to the basement after dark, was unable to sleep after the robbery, and incurred expenses to install a security system and steel doors, in addition to the $800 petitioner stole from her purses. According to the court's August 30, 2021, amended sentencing order, petitioner is not an appropriate candidate for alternative sentencing or probation. The court sentenced petitioner to forty years of incarceration for the single count of first-degree robbery and ordered that he pay restitution. Petitioner was given credit for time served while awaiting sentence, and the remaining counts of the indictment were dismissed with prejudice. Petitioner appeals from that amended sentencing order.

As this Court has repeatedly explained, "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. Byers*, -- W. Va. --, 875 S.E.2d 306 (June 14, 2022).

On appeal, petitioner contends that the circuit court erred by imposing an unconstitutional disproportionate sentence.

> There are two tests to determine whether a sentence is so disproportionate to a crime that it violates our constitution. *Accord, Stockton v. Leeke,* 269 S.C. 459, 237 S.E.2d 896, 897 (1977). The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981):
>
>> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

*State v. Cooper,* 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983).

We find that petitioner's sentence is not constitutionally disproportionate to the crime of first-degree robbery. It does not shock the conscience because petitioner broke into a home, while carrying and later threatening a victim with a deadly weapon, with knowledge that two elderly people resided therein. He displayed a total disregard for the victims' wellbeing in order to obtain money. Further, petitioner has failed to demonstrate that his sentence is objectively disproportionate. As this Court has held, first-degree robbery is a crime "that involves a high potentiality for violence and injury to the victim[.]" *State v. Adams*, 211 W. Va. 231, 234, 565 S.E.2d 353, 356 (2002). It is clear from the facts of this case that the victim could have been physically injured when she fell back into the chair as petitioner forced his way into the home, as a result of which she lives in fear in her own home. Petitioner pointed a gun at the victim while

physically restraining her until she disclosed the location of her purses.

Finally, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Riffle*, -- W. Va. --, 875 S.E.2d 152 (June 7, 2022). Petitioner does not allege that his sentence exceeds the statutory maximum for the crime. For these reasons, we find that the circuit court did not abuse its discretion in sentencing petitioner to a term of incarceration of forty years.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn