13138

STATE v. JENNINGS

(158 S. E., 687)

See also 158 S. C., 422, 155 S. E., 621.

*Mr. L. D. Jennings,* for appellant,

*Messrs. Frank E. McLeod, Solicitor,* and *Epps & Levy,* for the State,

May 13, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant was convicted on an indictment which charged him with being accessory before the fact to the murder of Ezra Hodge. The specific charge was that he incited, hired, commanded, and procured Caesar Cockrell to do the murder.

From a verdict of guilty with recommendation to the mercy of the Court, the sentence of life imprisonment, and the refusal of motion for new trial, the defendant appeals on five grounds.

His first exception charges that the trial Judge erred in permitting Caesar Cockrell to testify that he and the defendant were engaged "in making liquor"; that such testimony prejudiced the cause of defendant in the eyes of the jury. The theory of the prosecution was that defendant induced Cockrell to kill Hodge because Hodge had reported the still of defendant and the witness to the officers of the law, who destroyed it. It was competent to prove the motive of defendant, in other words, to show that he had a grudge against Hodge, as proof of malice.

There are authorities other than those cited by State's counsel to sustain this view. A late case is that of *State v. Thomas,* 159 S. C., 76, 156 S. E., 169, February 14, 1931.

The second exception alleges that it was error for the trial Judge to fail to charge the law of manslaughter. When the Judge came to charge the jury, he asked defense counsel if he wished the Court to charge the law of manslaughter, to which inquiry counsel replied. that he did not wish it charged. Counsel now frankly admits this, but he thinks that he was mistaken in the view of the law which he then took. He thinks the law of manslaughter should have been charged, and he asks that his error shall not be held against appellant. The charge against appellant was that he was accessory before the fact to the murder of Hodge by Cockrell.

We take it to be established law in this state that there can be no accessory before the fact to manslaughter. The very nature of that offense precludes the idea that there can be an accessory before the fact to the deed. In the case of *State v. Putnam,* 18 S. C., 175, 44 Am. Rep., 569, it is said: "It is conceded that there can be no accessories before the fact in manslaughter."

This exception and the third are effectually disposed of by the opinion of this Court in the case of *State v. Du Rant,* 87 S. C., 532, 70 S. E., 306, 307, where the same assignment of error was laid against the Judge who presided at that trial. There it is said: "The purpose of a charge is to enlighten the jury. This purpose is accomplished by a statement of the law which fits the concrete case; it is defeated by a discourse filled with abstract legal propositions having the effect of confusing the minds of the jury. For example, in a trial for murder, when the evidence shows beyond dispute an assassination, the law of self-defense and the law of manslaughter have no bearing on the issue, and there is no duty of the Judge to waste time in discrimination and definition pertinent to those subjects."

There was in the case at bar no single element of manslaughter. If the Judge had not been asked to refrain from charging on manslaughter, but had done so of his own motion, there would have been no error.

The fourth exception is founded upon an error in the record. The stenographer's notes had the trial Judge using this language: "I charge you as matter of law that before the defendant can be convicted it must be shown to you beyond a reasonable doubt that he knew that a crime was going to be committed and did not interfere to prevent it, and that would not constitute a defense."

At the hearing of the appeal in this Court, it was moved, and allowed by the order of this Court that the record be amended by substituting for the language quoted the following: "I charge you as matter of law that before defendant can be convicted it must be shown to you beyond a

reasonable doubt that he knew that a crime was going to be committed and did not interfere to prevent it, and that would not constitute an offense."

As thus amended, the charge might have been open to challenge for lack of relevancy, if it were not for the following words of the charge, to this effect: "You may know I am going to commit a crime and you may not lift a hand to stop it, that would not make you guilty, but if you actively induced me or procured me to commit a crime and I go forth in pursuance of that incitement or procurement and commit the crime you and I would both be guilty. You would be guilty because you instigated it, encouraged and incited it, and I would be guilty because I did the killing, or the act. It is a question of fact for you to determine, Mr. Foreman."

It is inconceivable that in the light of the entire charge quoted an intelligent jury could have been misled.

The fifth ground of exception is that the record shows that appellant was the victim of an "adverse public sentiment, bias, prejudice and caprice."

The argument in support of this exception is that the record shows that Caesar Cockrell swore one way at the preliminary and another way on the trial. That made the question essentially one for the jury to determine upon which occasion he swore the truth. Certainly it does not show that "adverse public sentiment, bias, prejudice and caprice induced the verdict."

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.