20200

The STATE, Respondent, v. Willie Ray INGRAM, Appellant.

(224 S. E. (2d) 711)

*Messrs. James C. Cox, Jr.,* of Hartsville, and *Paul A. Sansbury,* of Darlington, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *J. Dupre Miller, Sol.,* of Bennettsville, *for Respondent,*

March 31, 1976.

NESS, Justice:

Willie Ray Ingram appeals from his conviction of murder while in the commission of robbery armed with a deadly weapon. He was sentenced to die by electrocution.

Appellant presents the following issues, none of which support reversal:

(1) Did the appellant receive a fair and impartial trial in Darlington County? (Exceptions 1-3, 29-31).

(2) Did the appellant receive a fair and impartial trial in the April, 1975, term of General Sessions in Darlington County? (Exceptions 4-6, 32-34).

(3) Was the appellant prejudiced by the conduct of the State as to the third bullet? (Exceptions 15-25, 22-25, 27, 28, 43-53, 55, 56).

(4) Was the appellant prejudiced by the change in Mrs. DeVane's testimony concerning the third bullet? (Exceptions 26, 54).

(5) Did the appellant's sentence of death violate the Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Section 15 of the Constitution of South Carolina? (Exceptions 7-14, 35-42).

(6) Is Section 16-52, South Carolina Code of Laws, as amended 1974, imposing the death sentence upon conviction of murder, constitutional? (Exceptions 7-14, 35-42).

The facts reveal that on January 11th, 1975, the appellant with two associates went into the Palmetto Outlet Store located in Darlington County and with a pistol robbed the store, tying up a Mrs. DeVane and Mrs. Keefe, employees of the store, in the process. During the robbery, the deceased, James C. DeVane, Jr., the owner of the store and husband of Mrs. DeVane, attempted to enter. As he entered, a struggle ensued and shots were fired. Mrs. Keefe testified she heard three shots. Mrs. DeVane testified she heard more than one shot and that she was able to free herself from her bonds, when she heard her husband say he was coming in the store. This testimony varied from her testimony at the preliminary hearing where she testified she heard two shots and that she disengaged herself when her husband was shot. Three bullets were found at the store but the defense was not advised of the third bullet until the day before trial.

Appellant contends that he was shot in the arm by the deceased. After being shot, he drew his pistol and fired between the deceased's legs. Then, appellant was knocked backwards and, as he hit the floor, his gun went off, killing the deceased.

The first question is addressed to the trial court's refusal to grant the motion for a change of venue from Darlington County, based on pretrial publicity and the popularity of the deceased. Appellant submitted four newspaper articles, all of which were printed a few days after this incident. No affidavits were submitted other than an affidavit by a co-defendant's attorney regarding the victim's popularity. We conclude the recent case of *State v. Fowler*, S. C., 222 S. E. (2d) 497, filed February 18, 1976, controls and the facts here furnish no basis for reversal. There is simply no showing here that the jurors or the trial were infected by improper or prejudicial newspaper publicity.

By the second question the appellant argues that the trial court erred in denying his motion for a continuance upon alleged grounds of (1) adverse publicity, (2) his request

for psychiatric evaluation, and (3) the late discovery of a third bullet at the scene of the killing. It is conceded that prior to the preliminary hearing, February 28, 1975, the appellant was examined at the State Hospital and certified fit to stand trial. Over the course of three months subsequent to this, counsel made no motions for a reexamination until a week prior to trial at which time appellant was again examined and found competent to stand trial. On the Monday prior to trial, counsel again requested further psychiatric examination of the appellant and a continuance. The court authorized the private examination but denied the motion for a continuance. There was no objection to this ruling.

■ The appellant testified in his defense and related his version of the occurrence. Insanity was not plead as a defense. *State v. Bradford,* 256 S. C. 51, 180 S. E. (2d) 632 (1971). A motion for continuance is addressed to the sound discretion of the trial court. We find no abuse of discretion. 7A West's South Carolina Digest, Criminal Law, Key § 586.

■ Appellant further asserts that the trial court erred in refusing his motion for a continuance after the discovery of a third bullet which had been found earlier at the Palmetto Outlet Store and disclosed to the Solicitor on Monday, April 14th, and which the Solicitor made known to the defense the following day. Appellant's position is that he needed time to analyze the third bullet by a ballistics expert. We fail to understand the relevancy of this line of testimony in view of the admission by the appellant that he was in process of robbing the store and also that as he fell his pistol fired killing the deceased. We find no error.

■ Appellant's next question has no merit. He asserts that he was prejudiced by the change in Mrs. DeVane's testimony concerning the third bullet. This line of testimony was within the discretion of the trial judge.

468

We conclude there was no abuse of his discretion. *State v. Williams,* 263 S. C. 290, 303, 210 S. E. (2d) 298 (1974). The resolution of the credibility of witnesses is within the province of the jury. *State v. Jennings,* 160 S. C. 348, 158 S. E. 687 (1931); *State v. Spadafore,* 220 S. E. (2d) 655, 661 (W. Va. 1975).

The last two questions concern the constitutionality of Section 16-52 as amended. These issues are controlled by this Court's recent decision in *State v. Allen,* S. C., 222 S. E. (2d) 287, filed February 11, 1976, and are without merit.

As is our custom in cases of this nature, we have, *in favorem vitae,* carefully examined the record for any errors affecting the substantial rights of the accused, even though not made a ground of appeal. We find none.

For the reasons stated, the judgment of conviction is,

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.