607 S.E.2d 82

**James A. SELLERS, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25917.**

Supreme Court of South Carolina.

Submitted Nov. 4, 2004.

Decided Jan. 4, 2005.

Rehearing Denied Jan. 20, 2005.

184

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley Elliott, and Assistant Attorney General Christopher L. Newton, all of Columbia, for Petitioner.

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Respondent.

Chief Justice TOAL:

The post-conviction relief (PCR) judge granted James A. Sellers (Respondent) a new trial after finding that counsel was ineffective for (1) failing to move for a directed verdict on the charge of accessory before the fact of murder, (2) failing to request a jury charge for a lesser-included offense on the trafficking in crystal methamphetamines and accessory before the fact of murder charges, and (3) failing to move for a ruling upon the competency of a witness. We reverse the PCR judge's decision.

### FACTUAL / PROCEDURAL BACKGROUND

Respondent was arrested for accessory before the fact of murder and trafficking in crystal methamphetamine. Respondent was indicted and convicted on both charges.

At trial, the State alleged that Respondent and William Perry (Perry) arranged a drug deal, in which they planned to set up the supplier so that they could keep the drugs for themselves. During the drug deal, which Respondent did not attend, Perry shot the supplier because he believed the supplier was about to pull a gun on him. Perry pled guilty to voluntary manslaughter. Respondent's counsel moved for a directed verdict, arguing that Respondent could not have been an accessory before the fact to murder because he was unaware of Perry's intention to shoot the supplier. The motion was denied.

The State alleged that Respondent gave Perry the gun in case he needed it during the deal. But Respondent's mother testified that Perry took the gun without Respondent knowing what Perry was going to do with it. Perry testified that Respondent did not tell him to shoot the supplier, but that Respondent gave him the gun prior to the meeting with the supplier. Respondent did not testify at trial.

None of the drugs in question were ever recovered. During trial, Bruce Lewey (Lewey) was the sole witness to testify as to the amount of drugs in question. Lewey was another partner in the scheme with Respondent and Perry. Lewey testified that he weighed the drugs on a digital scale, and the drugs weighed six ounces. Lewey testified that he has been diagnosed with and was prescribed a psychotic medication for

schizophrenia. He further testified that he stopped taking the medication and had been a methamphetamine addict for over fifteen years.

The jury found Respondent guilty of trafficking crystal methamphetamine and accessory before the fact of murder. Respondent was sentenced to concurrent terms of twenty-five years imprisonment and ordered to pay a fine of $50,000. This Court affirmed his convictions and sentences on direct appeal. *State v. Sellers,* Op. No. 99–MO–79 (S.C. Sup. Ct. filed November 15, 1999).

Respondent filed an application for PCR and was granted relief based on three of the eleven grounds asserted. The PCR judge granted a new trial. This Court granted certiorari to review the PCR judge's decision.

The State raises the following issues for review:

I. Did the PCR court err in ruling that counsel was ineffective for failing to request a directed verdict for the accessory before the fact of murder charge on the basis that the State failed to prove the principal's guilt?

II. Did the PCR court err in ruling that counsel was ineffective for failing to request jury charges on lesser-included offenses on the murder and trafficking offenses?

III. Did the PCR court err in ruling that counsel was ineffective for failing to move for the trial court to rule upon the competency of a witness?

### LAW/ANALYSIS

#### STANDARD OF REVIEW

This Court gives great deference to the PCR courts findings of fact and conclusions of law. *Caprood v. State,* 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000). On review, a PCR judge's findings will be upheld if there is any evidence of probative value to support them. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). If no probative evidence exists to support the findings, this Court will reverse. *Pierce v. State,* 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000).

■ To establish a claim that counsel was ineffective, a PCR applicant must show that (1) counsels representation fell below an objective standard of reasonableness, and (2) but for counsels errors, there is a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. State*, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Thus, an applicant must show both error and prejudice to win relief in a PCR proceeding. *Scott v. State*, 334 S.C. 248, 513 S.E.2d 100 (1999).

## I. DIRECTED VERDICT

The State argues the PCR court erred in ruling that Respondent's trial counsel was ineffective for failing to request a directed verdict on the basis that the State failed to prove that Perry, the principal, was guilty of murder. We agree.

■ Murder is the killing of any person with malice aforethought, either express or implied. S.C.Code Ann. 16–3–10 (2003). In a murder prosecution, malice may be implied if the defendant uses a deadly weapon. *State v. Kelsey*, 331 S.C. 50, 63, 502 S.E.2d 63, 69 (1998).

■■ To support a conviction of accessory before the fact of a felony, the prosecution must show that the accused advised, agreed, urged, or in some way aided some other person to commit the offense; the accused was not present when the offense was committed; and *some principal committed the crime.* *State v. Smith*, 316 S.C. 53, 56, 447 S.E.2d 175, 176 (1993) (emphasis added). The State is not barred from prosecuting and convicting an accessory before the fact even though the principal has been acquitted. *State v. Massey*, 267 S.C. 432, 446–447, 229 S.E.2d 332, 339 (1976). At the accessory's trial, however, the State must prove that the principal is guilty or the accessory may not be convicted. *Id.*

■ When ruling on a criminal defendants motion for directed verdict, a trial court is concerned with the existence of evidence, not its weight. *State v. Wiggins*, 330 S.C. 538,

545, 500 S.E.2d 489, 493 (1998). If there is any direct or substantial evidence tending to prove the guilt of the accused, or from which guilt may be fairly and logically deduced, the case should be submitted to the jury. *State v. Johnson*, 334 S.C. 78, 84, 512 S.E.2d 795, 798 (1999).

 A motion for directed verdict, when viewed in the light most favorable to the State, would not have been granted because evidence was presented that a principal shot and killed a victim with a gun provided by Respondent. In the present case, the principal used a deadly weapon to murder the victim. As a result, malice may be inferred. The State provided evidence that the weapon was provided by Respondent. We find enough evidence to warrant the submission of the case to the jury.

We hold the PCR court erred in granting a new trial on this issue. A motion for directed verdict would not have changed the outcome of the trial. Had counsel made a motion for a directed verdict, the trial court would have been wrong to grant it.

## II. JURY CHARGE

The State argues the PCR court erred in ruling that Respondent's trial counsel was ineffective for failing to request jury charges for lesser-included offenses on the murder and trafficking offenses.[1] We agree.

 A judge is only required to charge a jury on a lesser-included offense if evidence exists that suggests that the lesser, rather than the greater, crime was committed. *State v. Gourdine*, 322 S.C. 396, 398, 472 S.E.2d 241, 242 (1996). There must be evidence that the defendant committed the lesser-included offense to entitle him to a jury charge on the offense. *State v. Mathis*, 287 S.C. 589, 594, 340 S.E.2d 538, 541 (1986). The lesser-included offense of accessory before the fact of manslaughter does not exist. *State v. Jennings*, 160 S.C. 348, 349, 158 S.E.2d 687, 688 (1931) (holding there can be no charge for accessory before the fact to manslaughter).

---

1. Respondent does not identify the lesser-included offenses.

■ A defendant is not entitled to a lesser-included charge of possession with intent to distribute when there is evidence that the amount involved exceeded minimum for trafficking. *State v. Grandy,* 306 S.C. 224, 226, 411 S.E.2d 207, 208 (1991).

■ In the present case, there is no evidence in the record that would entitle Respondent to a charge on lesser-included offenses. First, accessory before the fact of man-slaughter does not exist. Second, as to the trafficking charge, Respondent did not present evidence that he possessed less than the minimum required for trafficking. In fact, the only evidence before the jury was that the amount of methamphet-amines in question would constitute trafficking. In addition, the State presented the only evidence as to the amount of drugs at issue, which included testimony that Respondent possessed enough methamphetamines to warrant a trafficking charge. As a result, Respondent was not entitled to a lesser-included charge, such as possession with intent to distribute, for the trafficking charge.

We hold the PCR court erred in granting a new trial for counsel's failure to request jury charges on lesser-included offenses. Respondent was not entitled to jury charges on lesser-included offenses.

### III. COMPETENCY OF WITNESS

The State argues the PCR court erred in ruling that Respondent's trial counsel was ineffective for failing to ask the trial court to rule upon the competency of a witness. We agree.

■ All witnesses are presumed competent to testify. Rule 601(a), SCRE. A witness will be disqualified if he cannot express himself "concerning the matter as to be understood by the judge and jury ... or is incapable of understanding the duty of a witness to tell the truth." Rule 601(b), SCRE. Mere speculation on the applicant's part as to impeachment evidence is insufficient to show prejudice. *Jackson v. State,* 329 S.C. 345, 350–351, 495 S.E.2d 768, 770–771 (1998).

A witness's mental illness is not enough to rebut the pre-sumption set forth in Rule 601, SCRE. A witness's mental capacity could, however, affect the credibility of that witness's

testimony. At trial, counsel attacked the credibility of the witness on several grounds, including mental illness. Trial counsel cross-examined witness Lewey at length about his mental illness. The jury was fully aware of the fact that Lewey was schizophrenic, and therefore the jury could have decided to believe all or none of his testimony.

We hold the PCR court erred in ruling that Respondent's trial counsel was ineffective for failing to move for the trial court to rule upon the competency of a witness.

## CONCLUSION

Because there is no probative evidence supporting the PCR judge's decision, we **REVERSE** the PCR court's decision to grant a new trial.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.