**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Brandon C. Wingard, Appellant.

Appellate Case No. 2013-000302

———————————

Appeal From Fairfield County
Howard P. King, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-417
Heard November 6, 2014 – Filed November 26, 2014

———————————

**AFFIRMED**

———————————

Perry B. DeLoach, Jr., of The Law Offices of Perry B. DeLoach, Jr., LLC, of Greenville, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David Spencer, and Assistant Attorney General Mary Frances G. Jowers, all of Columbia; and Solicitor Douglas A. Barfield, Jr., of Lancaster, for Respondent.

———————————

**PER CURIAM:** Brandon Wingard appeals his conviction for receiving stolen goods, arguing the trial court erred in failing to suppress his oral statements to investigators. Wingard contends the statements were not timely disclosed pursuant to Rule 5, SCRCrimP. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. McEachern*, 399 S.C. 125, 135, 731 S.E.2d 604, 609 (Ct. App. 2012) ("In criminal cases, [an] appellate court sits to review errors of law only."); *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion.") (citation omitted); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.") (citation omitted); *State v. Lunsford*, 318 S.C. 241, 242-44, 456 S.E.2d 918, 919-20 (Ct. App. 1995) (finding no reversible error in trial court's denial of a motion for a mistrial where the State produced a statement by the defendant after the trial began and defense counsel did not seek additional time to study and review the statement); *State v. Davis*, 309 S.C. 56, 62-63, 419 S.E.2d 820, 824-25 (Ct. App. 1992) (finding no abuse of discretion in trial court's denial of a motion to suppress following the late disclosure of defendant's statements where defendant "was permitted to view and copy the State's file" and defendant "never requested a continuance or recess in order to review the file").

**AFFIRMED.**

**FEW, C.J., and LOCKEMY, J., and CURETON, A.J., concur.**