**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kenneth Jordan Bell, Appellant.

Appellate Case No. 2013-001841

Appeal From Horry County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2015-UP-447
Submitted May 1, 2015 – Filed September 2, 2015

**AFFIRMED**

Appellate Defenders Carmen Vaughn Ganjehsani and Laura Ruth Baer, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:** Kenneth Jordan Bell appeals his convictions for first-degree burglary, armed robbery, kidnapping, possession of a weapon during a violent

crime, and criminal conspiracy, arguing the trial court erred in (1) incorrectly instructing the jury about the consequences of a mistrial and (2) excluding evidence about a prior drug deal between one of the victims and a co-defendant. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the first issue:  *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) ("The standard for review of an ambiguous jury instruction is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution."); *State v. Simmons*, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) ("In reviewing jury charges for error, this [c]ourt must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial."); *id.* ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error."); *id.* ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."); *State v. Singleton*, 319 S.C. 312, 316, 460 S.E.2d 573, 575 (1995) ("The trial [court] has a duty to urge the jury to reach a verdict but [it] may not coerce them."); *id.* at 316, 460 S.E.2d at 575-76 ("It is not coercion when a trial [court] instructs the jury that failure to reach a verdict will require a new trial at additional expense . . . ." (footnotes omitted)).

2.  As to the second issue:  *State v. King*, 367 S.C. 131, 136, 623 S.E.2d 865, 867 (Ct. App. 2005) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court]."); *id.* ("A court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error which results in prejudice to the defendant."); *id.* ("Error without prejudice does not warrant reversal.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.