**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Wayne Gary Polite, Appellant.

Appellate Case No. 2015-001843

—————————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

—————————

Unpublished Opinion No. 2017-UP-021
Submitted November 1, 2016 – Filed January 11, 2017

—————————

**AFFIRMED**

—————————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

—————————

**PER CURIAM:** Wayne Gary Polite appeals his conviction for obtaining property valued at ten thousand dollars or more by false pretenses and his sentence to seven years' imprisonment. On appeal, Polite argues the trial court erred by (1) denying

his request to represent himself at trial and (2) failing to charge the jury on lesser-included offenses involving property worth less than ten thousand dollars. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue 1: *State v. Samuel*, 414 S.C. 206, 211, 777 S.E.2d. 398, 401 (Ct. App. 2015) ("The question of whether court appointed counsel should be discharged is a matter addressed to the discretion of the trial [court]. Only in a case of abuse of discretion will this [c]ourt interfere." (second alteration by court) (quoting *State v. Sims*, 304 S.C. 409, 414, 405 S.E.2d 377, 380 (1991))), *cert. granted*; *id.* ("A defendant has a constitutional right to self-representation under the Sixth and Fourteenth Amendments [to the United States Constitution]. However, the right of self-representation is not absolute.") (citation omitted); *State v. Reed*, 332 S.C. 35, 41, 503 S.E.2d 747, 750 (1998) ("Although a defendant's decision to proceed *pro se* may be to the defendant's own detriment, it 'must be honored out of that respect for the individual which is the lifeblood of the law.'" (quoting *Faretta v. California*, 422 U.S. 806, 834 (1975))); *Samuel*, 414 S.C. at 212, 777 S.E.2d at 401 ("A defendant's assertion of his right to self-representation must be: '(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely.'" (quoting *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000))); *id.* ("The right of self-representation does not exist to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process."); *State v. Fuller*, 337 S.C. 236, 241, 523 S.E.2d 168, 171 (1999) ("[I]t is incumbent upon the trial court to determine whether the request is made for purposes of delay or to gain tactical advantage, and whether the lateness of the request may hinder the administration of justice." (quoting *People v. Mogul*, 812 P.2d 705, 709 (Colo. Ct. App. 1991))); *id.* at 242, 523 S.E.2d at 171 (stating a trial court commits reversible error when it fails "to conduct an adequate hearing to fully assess the purpose behind [the d]efendant's request or to determine what effect granting the request would have . . . on the proceedings").

2. As to issue 2: *State v. Gilmore*, 396 S.C. 72, 77, 719 S.E.2d 688, 690-91 (Ct. App. 2011) ("We must reverse and remand for a new trial if the evidence in the record is such that the jury could have found the defendant guilty of the lesser offense instead of the crime charged."); *Sellers v. State*, 362 S.C. 182, 189, 607 S.E.2d 82, 85 (2005) ("A [trial court] is only required to charge a jury on a lesser-included offense if evidence exists that suggests that the lesser, rather than the greater, crime was committed."); *id.* ("There must be evidence that the defendant committed the lesser-included offense to entitle him to a jury charge on the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

offense."); S.C. Code Ann. § 16-13-240 (2015) ("A person who by false pretense or representation obtains the signature of a person to a written instrument or obtains from another person any chattel, money, valuable security, or other property, real or personal, with the intent to cheat and defraud a person of that property is guilty of a: (1) felony and, upon conviction, must be fined not more than five hundred dollars and imprisoned not more than ten years if the value of the property is ten thousand dollars or more . . . .").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**