**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Denzell Deshawn Jackson, Appellant.

Appellate Case No. 2021-000942

---

Appeal From Aiken County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-150
Submitted April 1, 2024 – Filed May 1, 2024

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor John William Weeks, of Aiken, all for Respondent.

---

**PER CURIAM:** Denzell Deshawn Jackson appeals his convictions for murder, possession of a weapon during the commission of a violent crime, and kidnapping,

and his sentence of life without the possibility of parole.  On appeal, Jackson argues the trial court erred in excluding testimony from the victim's mother about the victim's father being unconcerned about the victim's disappearance because the evidence was (1) relevant, (2) based on the mother's personal knowledge, and (3) was not hearsay or fell within a hearsay exception.  We affirm pursuant to Rule 220(b), SCACR.

We hold this issue is not preserved for appellate review because Jackson did not proffer the testimony at trial.  *See State v. Santiago*, 370 S.C. 153, 162, 634 S.E.2d 23, 28 (Ct. App. 2006) ("[A] proffer of testimony is required to preserve the issue of whether testimony was properly excluded by the trial [court], and an appellate court will not consider error alleged in the exclusion of testimony unless the record on appeal shows fairly what the excluded testimony would have been."); *State v. King*, 367 S.C. 131, 137, 623 S.E.2d 865, 868 (Ct. App. 2005) ("The reason for the rule requiring a proffer of excluded evidence is to enable the reviewing court to discern prejudice.").

Moreover, we hold any error in excluding the testimony was harmless in light of the eyewitness testimony, forensic blood and DNA evidence, and cellphone location data tying Jackson to the crimes.  *See State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the [c]ourt should not set aside a conviction because of insubstantial errors not affecting the result."); *State v. Davis*, 371 S.C. 170, 181, 638 S.E.2d, 57, 63 (2006) ("[W]hether an error is harmless depends on the particular circumstances of the case."); *id.* at 181-82, 638 S.E.2d at 63 ("Error is harmless if it could not have reasonably affected the result of the trial.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.