**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

TyChristian Ladson, Appellant.

Appellate Case No. 2023-000372

---

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-055
Submitted January 29, 2026 – Filed February 11, 2026

---

**AFFIRMED**

---

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Cynthia Smith Crick, of Greenville, all for Respondent.

---

**PER CURIAM:** TyChristian Ladson appeals his convictions for murder and

attempted armed robbery and sentences of life without parole and twenty years' imprisonment.[1]  On appeal, Ladson argues the trial court erred in admitting cellular mapping evidence when (1) the State violated Rule 5 of the South Carolina Rules of Criminal Procedure in delaying disclosure of this evidence until shortly before trial and (2) the records used to create the cellular mapping evidence were not reliable.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting cellular mapping evidence at Ladson's trial.  Initially, we hold the State did not violate Rule 5 when disclosing the cellular mapping evidence shortly before trial because the State previously made the underlying data that was used to create the maps available to Ladson via his former counsel.  Further, Ladson failed to show he did not have sufficient time to review the evidence or retain an expert to review the evidence, and, to the extent Ladson believed he did not have sufficient time, he could have moved for a continuance.  Finally, we hold Ladson's argument that the cellular mapping evidence was inadmissible due to the unreliability of the underlying data lacks merit because Ladson's contentions regarding unreliability—that the cellphone provider could not testify to the accuracy of the underlying data—goes to the weight of the evidence, not its admissibility.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Davis*, 309 S.C. 56, 63, 419 S.E.2d 820, 825 (Ct. App. 1992) ("Sanctions for noncompliance with disclosure rules are within the discretion of the trial [court] and will not be disturbed absent an abuse of discretion."); *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 5(a)(1), SCRCrimP (discussing information the State is required to disclose to a criminal defendant); *State v. Kennerly*, 331 S.C. 442, 453, 503 S.E.2d 214, 220 (Ct. App. 1998) (stating Rule 5 "applies to evidence within the actual possession of the prosecution and seems to also apply to evidence within the possession of other government agencies"); Rule 5(d)(2), SCRCrimP ("If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances."); *Clark v. Cantrell*, 339 S.C. 369, 383, 529 S.E.2d 528, 535 (2000) ("Demonstrative evidence includes items such as a photograph, chart, diagram, or video animation that explains or summarizes other evidence and

---

[1] Ladson and Quinton Maurice Collins were tried together as co-defendants.

testimony.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.